IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FREDERICK H. ARKANOFF, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO. 1:20-cv-3063 |
| LOWE'S HOME CENTERS, LLC | ) ) ) |
| Defendant. | ) ) |

**NOTICE OF REMOVAL**

Defendant, Lowe's Home Centers, LLC ("Lowe's"), by counsel, pursuant to 28 U.S.C. §§ 1441, 1446 and 1332, hereby files its Notice of Removal to remove the civil action currently pending in the Superior Court of Hendricks County, Indiana, under cause number 32D01-2010-CT-000186, to the United States District Court for the Southern District of Indiana, Indianapolis Division.  The grounds for removal are as follows:

**Background**

1. On October 23, 2020, Plaintiff commenced a civil action now pending in the Hendricks County Superior Court, State of Indiana, under cause number 32D01-2010-CT-000186.

2. Plaintiff's Complaint alleges negligence against Lowe's in relation to personal injuries allegedly sustained by Plaintiff when he slipped and fell at a Lowe's store located at 630 W. Northfield Drive, Brownsburg, Hendricks County, Indiana.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 94(a) and 1441(a), because the United States District Court for the Southern District of Indiana, Indianapolis Division, is the

federal judicial district and division embracing the Superior Court of Hendricks County, Indiana, where this action was originally filed and where the incident giving rise to this action occurred.

4. By filing this Notice of Removal, Lowe's does not waive its rights to object to service of process, the sufficiency of process, or jurisdiction over the person, and Lowe's reserves the right to assert any such defenses and objections to which they may be entitled.

5. For the reasons set forth below, this Court has original jurisdiction over this civil action under 28 U.S.C. § 1332 and this case is removable under 28 U.S.C. § 1441.

## Removal is Timely

6. 28 U.S.C. § 1446(b) provides the following time limitation on removal of civil actions:

> The notice of removal of a civil action or proceeding shall be filed **within 30 days** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(emphasis added).

7. Lowe's received service of a copy of the Summons and Complaint on October 27, 2020, making the deadline for removal November 26, 2020. Since this this Notice is being filed before November 26, 2020, removal is timely.

## Complete Diversity of Citizenship Exists Among the Parties

8. Plaintiff Frederick H. Arkanoff is a citizen of the State of Indiana.

9. Defendant Lowe's Home Centers, LLC is a citizen of the State of North Carolina. Lowe's Home Centers, LLC is a limited liability company ("LLC"). An LLC's citizenship is determined by the citizenship of each of its members. *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006). Lowe's Companies, Inc. is the sole member of Lowe's Home

Centers, LLC and is a citizen of the State of North Carolina, because Lowe's Companies, Inc. is incorporated under the laws of the State of North Carolina and maintains its principal place of business in the State of North Carolina. Accordingly, Lowe's Home Centers, LLC is a citizen of the State of North Carolina.

10. The controversy in this cause of action is therefore entirely between citizens of different states of the United States, and Lowe's desires to remove said cause from the State Court to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. 1332(a)(1) and 1441(a).

## The Amount In Controversy Requirement is Satisfied

11. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. The defendant invoking federal jurisdiction has the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional minimum. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). Where, as here, the Complaint does not specify the amount in controversy, the removing defendant must show "a reasonable probability" that the jurisdictional minimum has been met. *Malinowski v. Walgreen Co.*, NO. 2:08-CV-173 RM, 2008 WL 2704740, at *3 (N.D. Ind. July 3, 2008) (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)). "[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

12. In this cause, Plaintiff claims he slipped and fell on his back and sustained injuries to multiple parts of his body including his back, neck, left leg, and shoulder area and hit his head

and lost consciousness, and further claims he has incurred medical expenses. Given the nature and scope of Plaintiff's injuries, it is reasonably probable that Plaintiff's damages exceed $75,000, exclusive of interest and costs.

13. Additionally, one method of establishing that the amount in controversy is below the jurisdictional threshold is through a stipulation. *Huffman v. Dick's Sporting Goods, Inc.*, No. 1:06-CV-0959-JDTTAB, 2006 WL 2228959, at *2 (S.D. Ind. Aug. 2, 2006) (citing *Matter of Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)). Litigants who want to avoid removal under diversity jurisdiction can file a binding stipulation limiting their recovery to less than the jurisdictional threshold. *Id.* (citations omitted). On November 16, 2020, Lowe's counsel contacted Plaintiff's counsel about Lowe's intent to remove this case to Federal Court based upon diversity jurisdiction unless Plaintiff would stipulate that his damages do not exceed $75,000. Plaintiff's counsel never responded, demonstrating Plaintiff is unwilling to stipulate that his damages are below the jurisdictional threshold.

14. Based upon the nature of Plaintiff's alleged injuries, and Plaintiff's unwillingness to stipulate that his damages are below the jurisdictional threshold, Lowe's in good faith believes there is a plausible and reasonable probability that Plaintiff's damages exceed $75,000, exclusive of interest and costs.

## **Removal is Appropriate**

15. This Court has original subject matter jurisdiction over this action, and removal is appropriate, pursuant to 28 U.S.C. § 1332(a)(1) because this matter involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

16. As required by 28 U.S. Code § 1446(d), upon receiving a file-marked copy of this Notice of Removal, Lowe's will give written notice of removal by serving a file-marked copy of this Notice of Removal on Plaintiff and filing a copy of the Notice of Removal with the Clerk of the Superior Court of Hendricks County, Indiana. A copy of Defendant's Notice to Plaintiff and Clerk of the Hendricks County Superior Court of Defendant's Removal of Action to Federal Court is attached hereto as Exhibit A.

17. Pursuant to Local Rule 81-2(a), attached as Exhibit B is a complete copy of the State Court Record including the state court docket sheet, all process, pleadings, motions, orders, and other filings, organized in chronological order by the state court filing date, which have been filed and/or served on Defendant in the state court action.

18. Pursuant to Local Rule 81-2(c), attached as Exhibit C is a copy of the operative Complaint in the state court action.

19. The required filing fee of $400.00 has been paid to the Clerk of the United States District Court for this Notice of Removal.

    Respectfully submitted,

    KIGHTLINGER & GRAY, LLP

    By: *s/ Jordan M. Slusher*
       Michael Wroblewski, Atty. #25884-64
       Jordan M. Slusher, Atty. #34204-49
       *Attorneys for Defendant Lowe's Home Centers, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 24, 2020, the foregoing was served upon the following via the electronic filing/notification system, as follows:

William O. Harrington
HARRINGTON LAW, P.C.
105 North Washington Street
Danville, IN  46122
bill@harringtonlaw.us
*Counsel for Plaintiff*

                                    By: *s/ Jordan M. Slusher*
                                         Jordan M. Slusher

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, IN 46204
(317) 638-4521 / Fax (317)636-5917
jslusher@k-glaw.com

200226\60119642-1